NO. 07-03-0358-CR


 NO. 07-03-0359-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 16, 2005


______________________________



THOMAS CRAIG LYONS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 258TH DISTRICT COURT OF POLK COUNTY;



NOS. 16,760 and 16,761; HON. JERRY SANDEL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant, Thomas Craig Lyons, appeals his two convictions for aggravated sexual
assault of a child. Pursuant to open pleas of guilty and a punishment hearing, the trial court
found that the evidence substantiated findings of guilt, found him guilty of each offense, and
sentenced him to 15 years in prison. Thereafter, appellant appealed.

 Appellant's appointed counsel filed a motion to withdraw, together with an Anders (1)

brief wherein he certified that, after diligently searching the record, he concluded that the
appeals were without merit. Along with his brief, appellate counsel attached a copy of a
letter sent to appellant informing him of counsel's belief that there was no reversible error
and of appellant's right to file a response or brief pro se. By letter dated April 12, 2005, this
court also notified appellant of his right to tender his own brief or response and set May 6,
2005, as the deadline to do so. Appellant filed a pro se response.

 In compliance with the principles enunciated in Anders, appellate counsel discussed 
several potential areas for appeal. They involve 1) the voluntariness of appellant's plea,
2) the admonishments concerning the effect of his plea, and 3) error in the sentencing. 
However, counsel has satisfactorily explained why each argument lacked merit. 

 Through his pro se brief, appellant also raised the issue of whether he received
effective assistance of counsel at trial because his attorney purportedly 1) failed to do any
pretrial investigation, 2) failed to seek out and interview potential witnesses, 3) failed to file
a pretrial motion to take depositions of the victims, and 4) promised him that if the trial court
made a finding that placing him on community supervision was in the best interest of the
victims, he would automatically be granted probation. The record, however, is devoid of
any evidence supporting any of the claims. So, since claims of ineffective assistance must
be firmly founded in the record, McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App.
1998), and appellant's is not, we find the allegation lacking in merit.

 Lastly, we conducted our own review of the record to uncover any arguable error,
as required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), and found none. 
Accordingly, the motions to withdraw are granted, and the judgments are affirmed.


 Brian Quinn 

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



Used="false" QFormat="true" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00164-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
13, 2011

 



 

IN RE JAY GID BRYAN, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator Jay Gid
Bryan, appearing pro se, filed a
petition for writ of mandamus on April 18, 2011.  He did not pay the required filing fee, nor
did he file an affidavit of indigence.  See Tex. R. App. P. 5 (unless excused by
law, filing fee in civil case due when item presented for filing); 20.1
(procedure for indigent in civil cases). 
By letter of April 19, 2011, we advised relator
that the filing fee in the amount of $125.00 did not accompany the captioned
original proceeding.  Unless the filing
fee is paid by Friday, April 29, 2011, this proceeding will be subject to
dismissal.  See Tex. R. App. P. 5.  On
April 27, relator filed a motion requesting an
additional five days to pay the filing fee. 
Nevertheless, as of this date, we have not received the filing fee.  

            Accordingly,
we dismiss relators petition.  See
Tex. R. App. P. 5, 42.3(c).  Relators motion for additional time is dismissed as moot.

Per Curiam